UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| VENIDA HINES-MALONEY, VIRGINIA HINES,<br><br>                    Plaintiffs,<br>      v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, WARREN A. HODGES, ELRAC, INC.,<br><br>                    Defendants | Civ. Action No. 07-6153 (KSH)<br><br>**Opinion** |

**KATHARINE S. HAYDEN, U.S.D.J.**

Plaintiffs Venida Hines-Maloney and Virginia Hines have sued the Port Authority, Warren A. Hodges, and ELRAC, Inc. alleging Hodges drove his vehicle negligently or recklessly and hit plaintiffs' car, causing them injuries. The Port Authority moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction over the claim because there is not complete diversity of citizenship.

**BACKGROUND**

Plaintiffs originally filed separate complaints on December 27, 2007,[1] which were consolidated for all purposes by order of Magistrate Judge Shwartz pursuant to Fed. R. Civ. P. 42. (D.E. 15.) The following undisputed facts are taken from the complaints. On January 3, 2007, Venida, a New York resident, was driving a 2006 Toyota Camry on the New Jersey Turnpike in Kearney, New Jersey. (Hines-Maloney Compl. ¶¶ 2, 14, 19.) Virginia, also a New York resident, was a passenger in the car. (Hines Compl. ¶¶ 2, 14.) They allege that their vehicle collided with one driven by Warren Hodges, a New Jersey resident, at approximately 2:15 p.m. (Hines-Maloney

---

[1] Hines-Maloney's complaint was assigned to this Court (D.E. 1), while Hines's complaint, listed as docket entry 1, was assigned to Judge Joseph Greenaway Jr. under docket number 07-6154.

Compl. ¶¶ 3, 19, 20.) Plaintiffs claim they were injured in the accident as a result of Hodges' negligent or reckless driving. (Hines-Maloney Compl. ¶ 22.) Hodges' vehicle is owned by ELRAC, Inc. (Hines-Maloney Compl. ¶ 13.) Plaintiffs allege the Port Authority is liable under a <u>respondeat superior</u> theory because Hodges is a Port Authority employee driving in the course of his employment. (Hines-Maloney Compl. ¶ 32.)

## STANDARD

Rule 12(b)(1) permits a court to dismiss a case when it lacks subject matter jurisdiction over the claims. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).

## DISCUSSION

A. <u>Citizenship of Port Authority</u>

Port Authority argues that the Court is deprived of jurisdiction because it is a citizen of both New York and New Jersey, thereby defeating complete diversity. Plaintiffs argue that the Court has jurisdiction over the complaint based on the "forum doctrine," which states "if suit was brought by or against a corporation in one of its states of incorporation for diversity purposes, the company would be treated as if it were only a citizen of the forum state." (Pl. Br. 2.) Applying the forum doctrine, the Port Authority would be deemed a citizen of the forum state, New Jersey, so there is complete diversity of citizenship. The Port Authority argues that this doctrine no longer applies following the 1958 amendments to 28 U.S.C. § 1332.

A district court has jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a). Complete diversity is required. In 1958, Congress amended section 1332 to include subsection (c), which states "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." § 1332(c). The Third Circuit has held the

2

"1958 amendment means that a multi-state corporation is deemed a citizen of every state in which it has been incorporated." Yancoskie v. Delaware River Port Authority, 528 F.2d 722, 727 n.17 (3d Cir. 1975)

Prior to 1958, courts applied the "forum doctrine" to determine citizenship of a multi-state corporation for diversity purposes, which states that "a defendant multi-state corporation when sued in one of the states of its incorporation is regarded for diversity purposes as a citizen only of that state, namely, the state in which it is sued." Hudak v. Port Authority Trans-Hudson Corp., 238 F. Supp. 790, 791 (S.D.N.Y. 1965)(explaining history of doctrine).

Subsequent to the 1958 amendment, only Hudak has continued to apply the forum doctrine, acknowledging that its analysis was contrary to that of the authors of two leading treatises. See Hudak, 238 F. Supp. at 792.  According to Da Cruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 132 n.8 (E.D.N.Y. 2003), most courts and commentators have rejected Hudak.  Plaintiffs have not offered any post-1958 amendment authority other than Hudak to indicate that the forum doctrine survived and can be relied on as good law.

In Yancoskie v. Delaware River Port Authority, the Third Circuit examined a case with facts parallel to this one.  The suit was filed by the widow of a construction worker who fell to his death while working on constructing a bridge linking New Jersey and Pennsylvania.  The bridge was being built for the Delaware River Port Authority (the "Authority").  The district court denied the Authority's motion to dismiss for lack of jurisdiction, and the Third Circuit reversed.  In its analysis, the Circuit observed that the complaint "failed to allege the existence of jurisdiction, though it appears that it attempted to allege facts sufficient to give the court diversity of citizenship jurisdiction." 577 F. 2d at 724 n.1.  The basis of the district court's decision was federal question jurisdiction arising out of the creation of the Authority by interstate compact.  The district judge certified his decision for immediate appeal to the Third Circuit.

After rejecting the district court's reasoning on that issue, the Third Circuit tackled diversity, noting that the judge did not reach the question, which would be the only remaining basis for federal jurisdiction. The plaintiff's position was that the Authority was an alter-ego of the state; the Authority pointed to its financial independence as a basis for rejecting the alter-ego theory. The Third Circuit was not persuaded by plaintiff's arguments for reasons not relevant to this opinion, and concluded that for purposes of determining diversity, "the Authority, if it is not the alter ego of the state, should be treated as a corporation incorporated in both New Jersey and Pennsylvania." Id. at 727. In a footnote, the decision noted that "the treatment of multi-state corporations for purposes of diversity of citizenship is not free from doubt," and resolved the post-1958 inquiry by holding that "a multi-state corporation is deemed a citizen of every state in which it has been incorporated." 528 F.2d at 727 n.17. On that basis, the Third Circuit reversed the denial of the motion to dismiss, finding no diversity of citizenship jurisdiction where the plaintiff was a citizen of Pennsylvania and the Authority was a citizen of both Pennsylvania and New Jersey.

The Port Authority is "an entity created in 1921 by an Interstate Compact between New York and New Jersey to develop ports and transportation within the two states." Da Cruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 132 (E.D.N.Y. 2003). Both states established it as a "body corporate" under the laws of both New York and New Jersey. See N.J.S.A. 32:1-4; N.Y. Unconsol. L. § 6404. Both states' laws recognize that the "Port Authority shall be deemed to be . . . a citizen of both of said two States." N.J.S.A. 32:1-171; N.Y. Unconsol. L. § 7106. The conclusion that the Port Authority is a citizen of both states is fully consistent with the facts and the reasoning in Yancoskie and with other federal courts, described as "almost uniformly consider[ing] it to be a citizen of both states for purposes of diversity jurisdiction." Da Cruz, 217 F.R.D. at 132. Because both plaintiffs are citizens of New York, and the Port Authority is a citizen of New York and New Jersey, the motion to dismiss for lack of diversity of citizenship is granted.

B. Stay of limitations period

Plaintiffs argue that if the Court dismisses their complaint it should also toll the statute of limitations to allow them to file in state court based on an equitable tolling theory.  Plaintiffs also ask this Court to transfer the case to state court, which the Court is without authority to do so since the case was originally filed in federal court and not removed.  See 28 U.S.C. §§ 1441, 1447.  As to tolling, the Court has reviewed plaintiff's reasoning and, as well, the authority offered by Port Authority that the bi-state statutes in New York and New Jersey providing consent to suits against it must be strictly construed.  Any ruling from the Court would have a direct impact on the interests of the parties.  Having just ruled that it has no jurisdiction over those interests, the Court will refrain from adjusting them one way or another and leaves the resolution of this question to subsequent state court proceedings.

## CONCLUSION

The Port Authority's motion to dismiss (D.E. 18) is granted.  An appropriate order will be entered.

Dated:  8/25/08                                                                                    /s/Katharine S. Hayden
                                                                                                           Katharine S. Hayden
                                                                                                           United States District Judge